FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

2019 MAR 25  PM 3: 50

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 6:19-cr-57-Orl-41LRH

PAUL BANNON POWERS

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America,

by Robert Zink, Acting Chief, Fraud Section, Criminal Division, United States

Department of Justice, and the defendant, Paul Bannon Powers, and the

attorney for the defendant, Mark L. Horwitz, mutually agree as follows:

### A.  **Particularized Terms**

1.  Counts Pleading To

The defendant shall enter a plea of guilty to Count One of the

Information.  Count One charges the defendant with securities fraud, in

violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code

of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

2.  Maximum Penalties

Count One carries a maximum sentence of 20 years

imprisonment, a maximum fine of $5,000,000, a term of supervised release of

not more than three years, and a special assessment of $100.  With respect to

Defendant's Initials _PbP_

certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which he has been charged and to which he is pleading guilty. The elements of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2, as charged in Count One, are:

First:    the defendant used an instrumentality of interstate commerce in connection with the purchase or sale of a security–that is, the defendant used some form of electronic communication or a facility of a national securities exchange in some phase of a securities transaction;

Second:    the defendant used a device, scheme, or artifice to defraud in connection with the purchase or sale of security–that is, the defendant (a) gained material and confidential information while acting in his capacity as a lawyer for his corporate employer, and (b) breached a duty of trust and confidence he owed to his employer and his employer's shareholders by trading securities on the basis of that material and confidential information; and

Third:    the defendant acted willfully–that is, the defendant acted voluntarily and purposely, with the intent to do something the law forbids.

Defendant's Initials                     2

4.    Indictment Waiver

The defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.    No Further Charges

If the Court accepts this plea agreement, the Fraud Section of the Criminal Division of the United States Department of Justice agrees not to charge the defendant with committing any other federal criminal offenses known to the Fraud Section of the Criminal Division of the United States Department of Justice at the time of the execution of this agreement, related to the conduct giving rise to the plea agreement.

6.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), the defendant agrees to make full restitution to any victims of the offense, as determined by the Court at sentencing.

7.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable Guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that

Defendant's Initials _____          3

such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

       8.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of U.S.S.G § 3E1.1(b) and all terms of this plea agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5. below, the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level

Defendant's Initials _____        4

for acceptance of responsibility rests solely with the Fraud Section of the Criminal Division of the United States Department of Justice, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      9.    Forfeiture of Assets

      The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, or the defendant's nominees. The assets to be forfeited specifically include a money judgment in the amount of $64,645, representing the insider-trading proceeds the defendant obtained as a result of the offense charged in Count One.

      The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, judicial, or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or

Defendant's Initials _____      5

incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture (including substitute assets) and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which the defendant exercises control, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be

Defendant's Initials _____      6

polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the plea agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the

Defendant's Initials                     7

abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including the forfeiture of any substitute assets, is final.

**B.   Standard Terms and Conditions**

1.   Restitution, Special Assessment, and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims

Defendant's Initials _____        8

Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On the count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense to which the defendant is pleading guilty provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials _PbP_                    9

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which the defendant pleads, to respond to comments made by the defendant or the defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the Fraud Section of the Criminal Division of the United States Department of Justice, within 30 days of execution of this agreement, an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee, or other third party. The defendant further agrees to

Defendant's Initials ____    10

execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this plea agreement, consents to the release of the defendant's tax returns for the previous five years.   The defendant similarly agrees and authorizes the Fraud Section of the Criminal Division of the United States Department of Justice to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records, and any other financial information concerning the defendant for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.   The defendant expressly authorizes the Fraud Section of the Criminal Division of the United States Department of Justice to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.   The defendant understands and acknowledges that, although the parties are permitted to make

Defendant's Initials _____        11

recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. The defendant further understands and acknowledges that any discussions between the defendant or the defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, the defendant will not be permitted to withdraw his plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.     <u>Defendant's Waiver of Right to Appeal</u>

      The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and or a variance from the Guidelines range that the

Defendant's Initials _____      12

Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

8.  The Fraud Section of the Criminal Division of the United States
    Department of Justice

It is further understood that this agreement is limited to the Fraud Section of the Criminal Division of the United States Department of Justice, and cannot bind other federal, state, or local prosecuting authorities, although this office will bring the defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.  Filing of Agreement

Defendant's Initials _____      13

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of the defendant's entry of a plea of guilty pursuant hereto.

10.   <u>Voluntariness</u>

The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and the defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense or offenses to which he is pleading guilty and the elements thereof, including the penalties provided by law, and his complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in his defense; but, by pleading guilty, the defendant waives or gives up those rights and there will be no trial. The

Defendant's Initials _____     14

defendant further understands that if the defendant pleads guilty, the Court may ask the defendant questions about the offense or offenses to which the defendant pleaded, and if the defendant answers those questions under oath, on the record, and in the presence of counsel (if any), the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement. The defendant also understands that the defendant will be adjudicated guilty of the offenses to which the defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

The defendant is pleading guilty because the defendant is in fact guilty. The defendant certifies that the defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorney with regard to such guilty plea.

Defendant's Initials                     15

13.   Certification

The defendant and the defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that the defendant fully understands its terms.

DATED this ___19th___ day of February, 2019.

ROBERT ZINK
Acting Chief
United States Department of
Justice, Criminal Division,
Fraud Section

PAUL B. POWERS
Defendant

Henry P. Van Dyck
Assistant Chief

Mark L. Horwitz, Esq.
Attorney for Defendant

Mark Cipolletti
Trial Attorney

Defendant's Initials _____          16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. _____

PAUL BANNON POWERS

## PERSONALIZATION OF ELEMENTS

First:     In or around August 2018, did you use an instrumentality
of interstate commerce in connection with the purchase or sale of a security–
that is, did you use some form of electronic communication or a facility of a
national securities exchange in buying or selling shares of SeaWorld stock?

Second:     Did you use a device, scheme, or artifice to defraud in
connection with the purchase or sale of security–that is, did you gain material
and confidential information while acting in your capacity as a lawyer for
SeaWorld, and then breach a duty of trust and confidence you owed to
SeaWorld and SeaWorld's shareholders by trading on the basis of that
information?

Third:     Did you act willfully–that is, did you act voluntarily and
purposely, with the intent to do something the law forbids?

Defendant's Initials _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. _____

PAUL BANNON POWERS

### FACTUAL BASIS

In or around August 2018, the defendant PAUL B. POWERS ("POWERS") knowingly and willfully breached a duty of trust and confidence he owed to his employer, SeaWorld Entertainment, Inc. ("SeaWorld"), and to SeaWorld's shareholders, by trading in securities issued by SeaWorld while in possession of material and confidential information, in violation of 15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. §§ 240.10b-5 and 240.10b5-2.

SeaWorld was a Delaware corporation, with its headquarters in Orlando, Florida.   SeaWorld's stock was publicly traded under the ticker symbol "SEAS" on the New York Stock Exchange, a national securities exchange, and was registered with the United States Securities and Exchange Commission (the "SEC"), an agency of the United States, pursuant to Section 12(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78l(b)).  As a public company, SeaWorld and its directors, officers, and employees were required to comply with the federal securities laws, regulations, and rules.  Among other

Defendant's Initials _____

things, SeaWorld was required to file quarterly reports ("SEC Forms 10-Q") with the SEC containing financial statements that accurately and fairly presented the financial condition of SeaWorld, as well as other reports about SeaWorld's management, Board of Directors, business operations, and performance.    Through these reports, SeaWorld disclosed its financial information to the SEC, SeaWorld's shareholders, and the investing public.

POWERS was a resident of Orlando, Florida.   Until October 2018, POWERS was employed as SeaWorld's Associate General Counsel and Assistant Secretary, and worked at SeaWorld's headquarters in Orlando, Florida.  As SeaWorld's Associate General Counsel and Assistant Secretary, POWERS attended and took detailed notes of the meetings of SeaWorld's Revenue and Audit Committees, and he regularly received advance copies of the materials that were discussed at such meetings, including material and confidential information about SeaWorld's financial performance.  By virtue of his position as Associate General Counsel and Assistant Secretary, POWERS owed a duty of trust and confidence to SeaWorld and to SeaWorld's shareholders.

POWERS' Duties under SeaWorld's Insider-Trading Policies

On or about August 5, 2013, SeaWorld notified POWERS in writing that he was a "Restricted Person" under SeaWorld's trading policies,

Defendant's Initials                 2

and that as a Restricted Person he was allowed to trade shares of SeaWorld stock only during a "Window Period." In addition, under the same trading policies, POWERS was required to have any trades he wished to execute in shares of SeaWorld stock pre-approved by SeaWorld's General Counsel.

On or about May 8, 2018, POWERS received a letter from the SeaWorld legal department stating that the Window Period governing trading in shares of SeaWorld stock prior to the release of SeaWorld's SEC Form 10-Q would run from May 10 to June 15, 2018, meaning that POWERS was allowed to trade shares of SeaWorld stock only during that period. The letter further stated the following in bolded text: "After the close of the Window Period [*i.e.* June 15, 2018] . . . Restricted Persons may not purchase, sell or otherwise dispose of any of the Company's securities." On or about August 6, 2018, POWERS received a letter from the SeaWorld legal department stating that the Window Period for trading in SeaWorld stock would reopen on August 8, 2018, and remain open until September 14, 2018. In sum, pursuant to SeaWorld's trading policies, POWERS was (1) required to obtain pre-approval from SeaWorld's General Counsel prior to executing any trades in SeaWorld stock, and (2) wholly prohibited from trading in shares of SeaWorld stock from June 15, 2018, when the Window Period closed, until August 8, 2018, when the Window Period reopened.

Defendant's Initials                 3

POWERS Gains Material and Confidential Information

Beginning in June 2018, POWERS began receiving material and confidential information about SeaWorld's financial performance and upcoming non-public events, which POWERS knew would be released to the public on August 6, 2018 when SeaWorld filed its SEC Form 10-Q for the Second Quarter of 2018, including the following:

- On or about June 18, 2018, POWERS received materials prepared for an upcoming Revenue Committee meeting showing that SeaWorld anticipated both attendance and revenue to increase in the first half of 2018 by approximately 8% as compared to the first half of 2017. On or about June 20, 2018, POWERS attended a meeting of the Revenue Committee where the increase in attendance and revenue was discussed, and took notes of the meeting in his capacity as Assistant Secretary.

- On or about July 6, 2018, POWERS received materials prepared for an upcoming Revenue Committee meeting showing that SeaWorld had achieved an 8% increase in attendance and an 8.7% increase in revenue in the first half of 2018 as compared to the first half of 2017. On or about July

Defendant's Initials _____        4

9, 2018, POWERS attended a meeting of the Revenue
Committee where the increase in attendance and revenue was
discussed, and took notes of the meeting in his capacity as
Assistant Secretary.

- On or about August 1, 2018, POWERS received materials
prepared for an upcoming Audit Committee meeting that
included a draft earnings release reporting the increased
revenue and attendance figures for the first half of 2018, and
also reporting that one of SeaWorld's key earnings metrics
(earnings before interest, tax, depreciation, and amortization
or "EBITDA") had improved 59.1% in the first half of 2018
as compared to the first half of 2017.  In addition, POWERS
received a draft SEC Form 10-Q reflecting that SeaWorld had
"reached an agreement in principle with the [SEC
Enforcement] Staff to settle, without admitting or denying,
charges against [SeaWorld] arising out of the previously
disclosed SEC investigation [and that SeaWorld] recorded an
estimated liability of $4.0 million related to this matter."  On
August 3, 2018, POWERS attended a meeting of the Audit
Committee where the draft earnings release and SEC Form

Defendant's Initials _____        5

10-Q were discussed, and took notes of the meeting in his
capacity as Assistant Secretary.

POWERS Trades Securities on the Basis of Material and Confidential
Information and Violates SeaWorld's Trading Policies

In order to obtain funds to trade in shares of SeaWorld stock, on July 31, 2018, POWERS liquidated all of the equities in his personal TD Ameritrade account, realizing gross proceeds of approximately \$387,795. On August 2, 2018, POWERS used almost all of the proceeds from the July 31, 2018 transaction to purchase 18,000 shares of SeaWorld stock at a cost of approximately \$385,592. POWERS never sought pre-approval from SeaWorld's General Counsel prior to executing the trade to buy 18,000 shares of SeaWorld stock on August 2, 2018. In addition, when POWERS executed this trade, POWERS was wholly prohibited from trading in SeaWorld stock under SeaWorld's trading policies. POWERS nevertheless purchased 18,000 shares of SeaWorld stock on August 2, 2018 because, as set forth above, he had gained material and confidential information about SeaWorld's financial performance that he knew SeaWorld would be reporting to the public on August 6, 2018.

On August 6, 2018, SeaWorld announced the better-than-expected attendance, revenue, and EBITDA results, which caused the price of SeaWorld

Defendant's Initials ⟨signature⟩          6

shares to spike approximately 17%—from $21.13 per share at the close of trading on Friday, August 3, 2018 to $25.40 per share when the market reopened on Monday August 6, 2018.   On the morning of August 6, 2018, POWERS entered an order to sell all 18,000 shares of SeaWorld stock at market price, realizing gross proceeds of $450,237, and a net profit of approximately $64,645.   POWERS never sought pre-approval from SeaWorld's General Counsel prior to executing the trade to sell 18,000 shares of SeaWorld stock on August 6, 2018.   In addition, when POWERS executed this trade, he was wholly prohibited from trading in SeaWorld stock under SeaWorld's trading policies.

In sum, when POWERS purchased SeaWorld stock on August 2, 2018 and sold SeaWorld stock on August 6, 2018, POWERS (1) traded on the basis of material and confidential information he gained from SeaWorld, his employer; (2) breached a duty of trust and confidence he owed to SeaWorld and to SeaWorld's shareholders; and (3) violated SeaWorld's trading policies by failing to obtain approval from SeaWorld's General Counsel prior to trading, and trading when he was wholly prohibited from doing so.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea to the charges against the defendant.   It does not include all of the facts known to the

Defendant's Initials _____        7

defendant concerning criminal activity in which he and others engaged.  The defendant makes this statement knowingly and voluntarily and because he is in fact guilty of the crimes charged.